United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51354
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO PARRA-LUNA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-02-CR-497-1
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Guillermo Parra-Luna appeals his guilty-plea conviction for conspiracy to transport aliens for profit and illegal transportation of an alien, in violation of 8 U.S.C. § 1324. Parra-Luna argues that the district court failed to comply with FED. R. CRIM. P. 11 and thus that his guilty plea was unknowing and involuntary.

Parra-Luna did not challenge the court's compliance with FED. R. CRIM. P. 11 in the district court. His argument is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore reviewed for plain error.  United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).

Parra-Luna argues that the court deviated from FED. R. CRIM. P. 11 when it failed to inform him of a mandatory minimum sentence, failed to inform him of departure provisions in the Guidelines, and failed to inform him of the effect of supervised release.  The statutes setting forth the penalty for Parra-Luna's offense do not set forth a mandatory minimum sentence.  See 8 U.S.C. § 1324(B)(i) and (ii).  We have reviewed the rearraignment transcript and it amply reflects that the court did not deviate from FED. R. CRIM. P. 11 when it admonished Parra-Luna with respect to the issues raised by Parra-Luna.  Thus, Parra-Luna's argument that the court's violations of FED. R. CRIM. P. 11 rendered his guilty plea unknowing and involuntary is without merit.

Parra-Luna also asserts in a conclusional fashion that the court violated FED. R. CRIM. P. 11 by failing to inform him that his offense level could have been reduced had he provided substantial assistance to the Government.  He also asserts in a conclusional fashion that the district court misapplied the Guidelines when it sentenced him.  He fails to indicate how he may raise such a challenge in light of the appeal waiver contained in his plea agreement.  These conclusional assertions do not meet the requirements of FED. R. APP. P. 28(a)(9); see Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  These

issues are inadequately briefed and are deemed abandoned.  <u>See</u>
<u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744,
748 (5th Cir. 1987).

For the foregoing reasons, the judgment of the district
court is AFFIRMED.